## McEUEN v. KELLEY-KOETT MFG. CO.
### No. 4131.

District Court, E. D. Kentucky, Covington.

March 15, 1941.

See, also, 34 F.Supp. 351.

Cushman, Darby & Cushman, of Washington, D. C., and Allen & Allen, of Cincinnati, Ohio, for plaintiff.

Murray, Sackhoff & Paddack, of Cincinnati, Ohio, for defendant.

SWINFORD, District Judge.

This case is now before me on the defendant's motion that copies of certain patents be included in the transcript of the record.

These patents were designated in the defendant's answer to the bill of particulars but were not offered in evidence.

The defendant urges that since these patents were designated in the answer to the plaintiff's bill of particulars, that the court may take notice of patents of the prior art, and the motion should be sustained on the further ground that the appellate court tries the case de novo.

In support of its contention the defendant cites a number of authorities. I have examined these and find nothing in any of the opinions to justify the position taken by the defendant.

In Boyden v. Burke, 14 How. 575, 582, 14 L.Ed. 548, the court in its opinion says, "Patents are public records. All persons are bound to take notice of their contents * * *," but that does not reach the point contended for by the defendant here.

That case was to compel the Commissioner of Patents to issue certain copies of patents. I find nothing in Sontag Chain Stores Co., Ltd. v. National Nut Co., etc., 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204, nor in the opinion from National Nut Co. of California v. Sontag Chain Stores Co., Ltd., 9 Cir., 107 F.2d 318, from which the appeal was taken, that even remotely sustains the defendant's views.

Other cases cited are of equal inapplicability. There is nothing in any of them to indicate that the appellate court considered evidence not before the lower court.

It is true that certain of these cases express the view that equity cases are tried "de novo" in the appellate court, but that has a very definite meaning and certainly does not imply that the upper court considers evidence not in the record. If the upper court may consider these patents there is no need to make them a part of the record to any greater extent than they are already a part of it. That is by being listed in the answer. Since the evidence was not before me at the time I considered the case and plaintiff was thereby given no opportunity to explain or rebut it the motion should be overruled and the defendant denied the right to make the copies of these patents a part of the record.

An order to this effect is this day entered.